# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

RICARDO GABINO,
      **Plaintiff,**

      v.
                                      **Case No. 05-C-676**

DODGE CORRECTIONAL INSTITUTION,
WISCONSIN DEPARTMENT OF CORRECTIONS,
DR. SCOTT HOFTIEZER, and
DR. DALEY G.,
      **Defendants.**

---

## MEMORANDUM AND ORDER

Plaintiff Ricardo Gabino, who is incarcerated at New Lisbon Correctional Institution, filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983. This matter comes before the court on plaintiff's petition to proceed in forma pauperis.

Plaintiff is required to pay the statutory filing fee of $250 for this action. 28 U.S.C. § 1915(b)(1). He has been assessed and paid an initial partial filing fee of $11.41. See id.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless

legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

"Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully

construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir.

2005) (citations omitted).

A complaint, or portion thereof, should be dismissed for failure to state a claim upon

which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of

facts in support of the claim or claims that would entitle him to relief. See Hishon v. King &

Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In

reviewing a complaint under this standard, the court must accept as true the allegations of

the complaint in question, Hosp. Bldg. Co. v. Trs. of Rex Hosp., 425 U.S. 738, 740 (1976),

construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the

plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

To state a claim for relief under 42 U.S.C. § 1983, plaintiffs must allege: 1) that they

were deprived of a right secured by the Constitution or laws of the United States, and 2) that

the deprivation was visited upon them by a person acting under color of state law. Gomez

v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se

allegations, however inartfully pleaded, a liberal construction. See Haines v. Kerner, 404

U.S. 519, 520-21 (1972).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only

"a short and plain statement of the claim showing that the pleader is entitled to relief." This

statement must simply "give the defendant fair notice of what the plaintiff's claim is and the

grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002)

(quoting Conley, 355 U.S. at 47); see also Thomson v. Washington, 362 F.3d 969, 970-71

(7th Cir. 2004) (no heightened pleading requirement for pro se prisoner civil rights complaint). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." Thomson, 362 F.3d at 970.

Plaintiff was incarcerated at Dodge Correctional Institution at all times relevant. The complaint names Dodge Correctional Institution (DCI), Wisconsin Department of Corrections (DOC), Dr. Scott Hoftiezer and Dr. Daley G as defendants.[1]

Plaintiff alleges that from February, 2004 to February, 2005, he "continuously" experienced pain in the "lower left side of his stomach," pain in his "left testicle," pain and bleeding in his rectum, and "occasional nausea and vomiting." (Complaint [Compl.] at VI). In March, 2004, Dr. Hoftiezer diagnosed plaintiff as having "inguinal hernia and cysts," and surgery was scheduled for August, 2004. Id. However, the surgery was never performed.

Plaintiff submits that his requests to see a specialist were ignored, and his complaints were dismissed. Moreover, Dr. Daley declined to give plaintiff "medical treatment of any kind" for plaintiff's "severe pain and bleeding from rectum" because plaintiff refused to sign a co-pay agreement form. Id.

Plaintiff seeks monetary damages for pain and suffering, cruel and unusual punishment, discrimination and injuries. He also seeks surgery for removal of cysts in his left testicle.

To establish liability under the Eighth Amendment, a prisoner must show: (1) that his medical need was objectively serious; and (2) that the official acted with deliberate

_____

[1]It appears that defendants Hoftiezer and Daley are employed by DCI, although the complaint does not explicitly state so.

3

indifference to the prisoner's health or safety.  Farmer v. Brennan, 511 U.S. 825, 834 (1994); Chapman v. Keltner, 241 F.3d 842, 845 (7th Cir. 2001); see also Estelle v. Gamble, 429 U.S. 97, 104-05 (1976); Zentmyer v. Kendall County, Ill., 220 F.3d 805, 810 (7th Cir. 2000).

A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  Wynn v. Southward, 251 F.3d 588, 593 (7th Cir. 2001) (quoting Gutierrez v. Peters, 111 F.3d 1364, 1373 (7th Cir. 1997)).  Factors that indicate a serious medical need include "the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain."  Gutierrez, 111 F.3d at 1373 (citations omitted).  A medical condition need not be life-threatening to qualify as serious and to support a § 1983 claim, providing the denial of medical care could result in further significant injury or in the unnecessary infliction of pain.  See Reed v. McBride, 178 F.3d 849, 852-53 (7th Cir. 1999); Gutierrez, 111 F.3d at 1371.

A prison official acts with deliberate indifference when "the official knows of and disregards an excessive risk to inmate health or safety."  Farmer, 511 U.S. at 837.  Prison officials act with deliberate indifference when they act "intentionally or in a criminally reckless manner."  Tesch v. County of Green Lake, 157 F.3d 465, 474 (7th Cir. 1998).  Neither negligence nor even gross negligence is a sufficient basis for liability.  See Salazar v. City of Chicago, 940 F.2d 233, 238 (7th Cir. 1991).  A finding of deliberate indifference requires evidence "that the official was aware of the risk and consciously disregarded it nonetheless."  Chapman v. Keltner, 241 F.3d 842, 845 (7th Cir. 2001) (citing Farmer, 511 U.S. at 840-42).

4

Taking plaintiff's allegations as true, he was diagnosed with an inguinal hernia and cysts and defendants failed to provide him adequate medical care. Accordingly, plaintiff has stated facts sufficient to proceed on a claim of deliberate indifference.

Plaintiff submits that he was denied medical treatment because he refused to sign a co-payment form. In prisons, since inmates are deprived of the ability to seek health care on their own, the state is obligated to provide basic health care. As the Supreme Court explained in DeShaney v. Winnebago Cty. Dep't of Social Servs., 489 U.S. 189, 199-200 (1989):

> [W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well being.... The rationale for this is simple enough: when the State by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs--e.g., food, clothing, shelter, medical care, and reasonable safety--it transgresses the substantive limits on state action set by the Eighth Amendment and the Due Process Clause.

At this stage in the proceedings, it is unclear why plaintiff refused to sign the co-payment form. However, I am obligated to liberally construe his pleadings. Haines, 404 U.S. at 520-21. Thus, plaintiff may proceed on his claim that he was denied medical care for failing to sign a co-payment form.

Next, plaintiff alleges that the defendants are guilty of "medical malpractice and misdiagnos(is)." (Compl. at V). Allegations of "inadvertent failure to provide adequate medical care,"or of a "negligent . . . diagnos[is]," simply fail to establish the requisite culpable state of mind. Wilson, 501 U.S. at 297 (quoting Estelle v. Gamble, 429 U.S. at 105 & 106). See also, Sellers v. Henman, 41 F.3d 1100, 1102 (7th Cir. 1994) (ordinary malpractice is not cruel and unusual punishment); Sivard v. Pulaski County, 959 F.2d 662 (7th Cir. 1992)

5

(simple malpractice does not create a claim for relief under the Eighth Amendment). Similarly, a difference in opinion between a physician and patient concerning the adequacy of medical treatment actually provided does not give rise to a constitutional claim under 42 U.S.C. § 1983. Thomas v. Pate, 493 F.2d 151, 158 (7th Cir. 1974), cert. denied, 419 U.S. 879, vacated on other grounds, 419 U.S. 813 ; Davis v. Schmidt, 57 F.R.D. 37, 41 (W.D. Wis. 1973).

Finally, plaintiff maintains that he still experiences pain as a result of defendants' negligence. However, this complaint does not implicate the Constitution because negligence is not actionable in a suit under 42 U.S.C. § 1983 complaining about the infliction of cruel and unusual punishment. Thomas v. Farley, 31 F.3d 557, 558 (7th Cir. 1994); see also Antonelli v. Sheahan, 81 F.3d 1422, 1429 (7th Cir. 1996).

Accordingly, plaintiff may proceed in this case against defendants DCI, DOC, Dr. Hoftiezer, and Dr. Daley G. on claims that they were deliberately indifferent to his serious medical need, and that he was denied medical care for refusing to sign a co-payment agreement form.

**IT IS THEREFORE ORDERED** that the plaintiff's request to proceed in forma pauperis be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon defendants pursuant to Federal Rule of Civil Procedure 4.

**IT IS ALSO ORDERED** that the defendants shall file a responsive pleading to the complaint.

6

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $238.59 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**FINALLY IT IS ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 20 day of December, 2005.

/s_____
LYNN ADELMAN
District Judge

8