## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

**RICARDO GABINO,**
    **Plaintiff,**

    v.                                                           **Case No. 05-C-676**

**DODGE CORRECTIONAL INSTITUTION,**
**WISCONSIN DEPARTMENT OF CORRECTIONS,**
**DR. SCOTT HOFTIEZER, and**
**DR. DALEY G.,**[1]
    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff Ricardo Gabino filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983, and was permitted to proceed in forma pauperis on December 20, 2005. Plaintiff has filed a motion to transfer this case to the United States District Court for the Western District of Wisconsin, and he has requested envelopes to serve defendants. Also, defendants have notified the court that defendant Daley is deceased.

**1.**     **Motion to Transfer**

On December 29, 2005, plaintiff filed a letter, addressed to the Clerk of Court, requesting that this case be transferred to the Western District of Wisconsin "as soon as possible." (Pl.'s Letter of Dec. 29, 2005 at 2.) Plaintiff provides no reasons in support of his request. I construe plaintiff's request as a motion to transfer venue.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Plaintiff was incarcerated at Dodge Correctional Institution at all times relevant, which is located in the Eastern District. Moreover, it appears that defendants

---

[1] Dr. Daley G. has been correctly identified as "George M. Daley, M.D."

Hoftiezer and Daley were employed at Dodge Correctional Institution at all times relevant. Finally, there is no indication where any defendant resides. Thus, plaintiff has not established that venue is proper in the Western District of Wisconsin and his request to transfer venue to that district will be denied. See 28 U.S.C. § 1391.[2]

## 2. Service of Defendants

Next, plaintiff asserts "[t]he United States Marshals has been sending [him] paperwork regarding summons in the cases No: 05-C-417 and 05-C-676 along with US Department of Justice envelopes," and that he has been prevented from using the envelopes. (Pl.'s Letter of Feb. 7, 2006 at I). He asks the court to "deliver the above U.S. Department of Justice issued envelope (sic)." Id. at 2.

It is unclear what plaintiff is requesting. However, a review of the docket in this case reveals that all defendants, except Dr. Daley (who is deceased), have been served with a copy of the complaint. (Docs. #13, 14, 15 & 18). Hence, plaintiff is not required to take any further action to effectuate service upon defendants.

## 3. Death of Defendant Daley

By letter of February 16, 2006, defendants have indicated that defendant Daley is deceased. Fed. R. Civ. P. 25(a)(1) provides:

> If a party dies, and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by

---

[2] A civil action which is not founded solely on diversity of citizenship may, as except as otherwise provided by law, be brought only in (1) a judicial district where any defendants reside, if all defendants reside in the same State, (2) a judicial district which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons, and may be served in any judicial district. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

Based on the foregoing, defendant Daley's death was suggested upon the record on February 16, 2006. Accordingly, plaintiff has until **June 14, 2006** to file a motion for substitution of Daley. If the plaintiff fails to file a motion for substitution on or before June 14, 2006, Daley may be dismissed from this action pursuant to Fed. R. Civ. P. 41(b) and Civil L.R. 41.3.

As a final matter, plaintiff has requested copies of the complaint. It is not standard practice to provide copies and postage free of charge to parties in an action, whether they are indigent inmates or not. However, in this case, the court will make a rare exception and provide plaintiff with the copies he requests. Plaintiff is hereby advised that, in the future, he must retain a copy of every document he files with the court.

**THEREFORE, IT IS ORDERED** that plaintiff's motion to transfer (Doc. #9) is **DENIED.**

**IT IS FURTHER ORDERED** that plaintiff has until **June 14, 2006**, to file a motion for substitution of defendant Daley.

Dated at Milwaukee, Wisconsin, this 14th day of April, 2006.

s/Lynn Adelman
LYNN ADELMAN
U.S. District Judge