# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**RICARDO GABINO,**
          **Plaintiff,**

    **v.**                                      **Case No. 05-C-676**

**DODGE CORRECTIONAL INSTITUTION,**
**WISCONSIN DEPARTMENT OF CORRECTIONS,**
**DR. SCOTT HOFTIEZER, and**
**DR. GEORGE M. DALEY,**
          **Defendants.**

---

## DECISION AND ORDER

Plaintiff Ricardo Gabino filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983. On April 14, 2006, I permitted plaintiff to proceed in forma pauperis on claims that he was denied medical care in violation of the Eighth Amendment. This order addresses the following matters: (1) plaintiff's motion to appoint counsel; (2) plaintiff's motion to substitute parties; (3) plaintiff's motion for summary judgment; (4) defendants' motion for summary judgment; and (5) defendants' motion to stay.

## I. PLAINTIFF'S MOTION TO APPOINT COUNSEL

Plaintiff filed a motion for appointment of counsel on August 30, 2006. As grounds for his request, plaintiff states: (1) he is indigent; (2) he lacks formal legal training; (3) he has limited access to the prison law library; (4) he needs to conduct discovery and depose witnesses; (5) the legal issues in this case are complex; and (6) expert testimony is necessary to prove the elements of his claim. (Pl.'s Mot. to Appoint at 1 - 2). Indigent civil litigants have no absolute constitutional or statutory right to be represented by counsel in federal court. Jackson v. County of McLean, 953 F.2d 1070, 1071 (7th Cir. 1992);

<u>McKeever v. Israel</u>, 689 F.2d 1315, 1318 (7th Cir. 1982). And, while the court is authorized to request an attorney to represent an indigent civil litigant pursuant to 28 U.S.C. § 1915(e)(1), the threshold inquiry under § 1915(e) is whether plaintiff has made a reasonable, but unsuccessful, effort to retain counsel on his own. <u>Id</u>. at 1073. If plaintiff has made no effort to secure counsel, the motion must ordinarily be denied outright. <u>Id</u>.

In this case, plaintiff has not provided any indication that he has unsuccessfully attempted to obtain legal counsel on his own. Plaintiff should provide the court with the names and addresses of counsel he has contacted. Moreover, the issues in this case appear at this stage to be straightforward and uncomplicated. Plaintiff has been allowed to proceed on two narrow claims (denial of medical care) that are not legally complex. Therefore, at this time, the court does not believe that the presence of counsel is likely to make a difference in the outcome of this case. Accordingly, I will deny plaintiff's request for appointment of counsel without prejudice.

## II. PLAINTIFF'S MOTION TO SUBSTITUTE

Plaintiff has filed a motion to substitute Dr. George Heinzl and the Wisconsin Department of Corrections (DOC) for defendant Dr. George M. Daly (who is now deceased).[1] Defendants oppose plaintiff's request on grounds that it is untimely. Additionally, defendants assert that plaintiff has failed to provide sufficient information to

---

[1]Plaintiff refers to Heinzl as both "Heinzl George" and "Dr. Heinzl." I shall refer to him as Dr. George Heinzl unless otherwise notified.

2

show that Dr. Heinzl and the DOC are the property parties to substitute for defendant Dr. Daly.[2]

First, defendants maintain that plaintiff's motion for substitution is untimely. Defendant Dr. Daly's death was suggested upon the record on February 16, 2006. Pursuant to Fed.R.Civ.P. 25(a), plaintiff's motion for substitution should have been filed on or before May 14, 2006. However, plaintiff did not file his motion until May 31, 2006. A review of the docket in this case reveals that, by order of April 14, 2006, the court erroneously advised plaintiff that any motion for substitution was due on or before June 14, 2006. Inasmuch as the court erred in calculating the deadline, and there is no indication of bad faith or dilatory motive on behalf of plaintiff, I decline to deny plaintiff's motion as untimely. I turn next to whether the parties plaintiff moves to substitute for Dr. Daley are the proper parties.

By his motion, plaintiff asserts that Dr. Heinzl told him that he would not be provided additional medical treatment unless plaintiff's life was threatened. (Mot. to Substitute at 2). As to the DOC, plaintiff states that substitution is warranted because plaintiff was in DOC when the alleged wrongdoing occurred and Dr. Daley worked and resided in Wisconsin at all times relevant. Id. at 1. Plaintiff's prospective claims against Dr. Heinzl and the DOC are not related or even similar to the claim he is pursuing against Dr. Daley.[3] Moreover, there is no indication that Dr. Daley and the DOC are Dr. Heinzl's successors or legal representatives. See Walsh v. City of Chicago, 712 F. Supp. 1303. 1306 (N.D. Ill.

---

[2]Defendants also argue that the DOC is not a proper party under the doctrine of sovereign immunity. I will address this argument in the following section.

[3]Pursuant to the December 20, 2005, screening order, plaintiff was permitted to proceed on a claim that Daley denied plaintiff medical care because plaintiff refused to sign a medical co-payment form.

3

1989)(substitution of deceased defendant with defendant's representative appropriate in § 1983 action).  For these reasons, plaintiff has not shown that Dr. Heinzl and the DOC are proper parties to substitute for defendant Dr. Daley.  Therefore, this action is dismissed as to Dr. Daley.  See Fed.R.Civ.P. 25(a).

### III. MOTIONS FOR SUMMARY JUDGMENT

On June 23, 2005, plaintiff filed a complaint pursuant to § 1983 alleging that defendants Dodge Correctional Institution (DCI), the DOC, Dr. Hoftiezer and Dr. George M. Daley violated his constitutional rights.  By order of December 20, 2005, plaintiff was granted leave to proceed in forma pauperis on claims that defendants denied him adequate medical care in violation of the Eighth Amendment.

Defendants filed a responsive pleading to the complaint on February 16, 2006.  Then, on April 14, 2006, defendants filed a motion for summary judgment.  In response, plaintiff filed his own motion for summary judgment on May 5, 2006.

### A.    Preliminary Matters

A preliminary comment is necessary with respect to plaintiff's motion for summary judgment.  Plaintiff's motion, which is not called a motion for summary judgment, consists of a two-page brief and plaintiff's affidavit.  The brief essentially re-states plaintiff's claim that he was denied medical care and does not demand that summary judgment be entered in plaintiff's favor.  Rather, the brief states that plaintiff is "searching for additional relevant witnesses and evidence" and asserts that "this complaint stands and it should go to trial." (Pl.'s Mot. at 2).  Plaintiff's affidavit, which responds to defendant Dr. Hoftiezer's affidavit,

4

does not present information in a complete and independent fashion.[4]  For these reasons, plaintiff's motion for summary judgment is properly construed as a response to defendants' motion for summary judgment.  Therefore, plaintiff's motion will be terminated.  However, I will consider information presented in plaintiff's response when addressing defendants' motion for summary judgment.  I turn now to defendants' motion.

## B.    Standard of Review

Summary judgment is required "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The mere existence of some factual dispute does not defeat a summary judgment motion; "the requirement is that there be no genuine issue of material fact."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (emphasis deleted).  For a dispute to be genuine, the evidence must be such that a "reasonable jury could return a verdict for the nonmoving party."  Id.  For the fact to be material, it must relate to a disputed matter that "might affect the outcome of the suit."  Id.

The moving party bears the initial burden of demonstrating that she is entitled to judgment as a matter of law.  Celotex Corp., 477 U.S. at 323.  Where the moving party seeks summary judgment on the ground that there is an absence of evidence to support the non-moving party's case, the moving party may satisfy her initial burden simply by pointing out the absence of evidence.  Id. at 325.  Once the moving party's initial burden is met, the

[4]For example, paragraph four of plaintiff's affidavit states, "Affidavit by Dr. Hoftiezer number 10 and 11   does not states (sic) that when I was seen I was told by nurse Denise Bonnett that I had a possible hernia and that I was going to be referred to UW."

5

nonmoving party must "go beyond the pleadings" and designate specific facts to support each element of the cause of action, showing a genuine issue for trial. Id. at 322-23. Neither party may rest on mere allegations or denials in the pleadings, Anderson, 477 U.S. at 248, or upon conclusory statements in affidavits, Palucki v. Sears, Roebuck & Co., 879 F.2d 1568, 1572 (7th Cir. 1989).

## C.    Discussion

Defendants assert three defenses in their motion for summary judgment. First, defendants contend that the DOC and DCI are immune from § 1983 liability under the doctrine of sovereign immunity. Second, they maintain that plaintiff has failed to demonstrate that they were deliberately indifferent to his serious medical needs. Finally, defendants assert that they are entitled qualified immunity.[5]

### 1.    Sovereign Immunity

It is well settled that under the Eleventh Amendment to the United States Constitution, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state." Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984) (quoting Employees v. Missouri Public Health & Welfare Dept., 411 U.S. 279, 294 [1973]). The Eleventh Amendment bars actions in federal court by private parties seeking to impose liability which must be paid from public funds in the state treasury. Edelman v. Jordan, 415 U.S. 651, 663 (1974). Thus, the Eleventh Amendment precludes damage suits against states, state agencies, or state employees acting in their official capacities. Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989); Brokaw v. Mercer

_____

[5]Notably, defendants' motion does not address plaintiff's claim that his requests to see a specialist were ignored. (See Order of Dec. 20, 2005, at 3).

6

County, 235 F.3d 1000, 1009 (7th Cir. 2000); Higgins v. Mississippi, 217 F.3d 951, 953 (7th Cir. 2000); Gossmeyer v. McDonald, 128 F.3d 481, 487 (7th Cir. 1997). However, suits against state employees in their individual capacities are not barred by the Eleventh Amendment. Scott v. O'Grady, 975 F.2d 366, 269 (7th Cir. 1992).

The DOC and DCI are state agencies. Therefore, they are immune from federal damage liability or claims made under § 1983, pursuant to the eleventh Amendment. Will, 491 U.S. at 66; Brokaw, 235 F.3d at 1009. Thus, the DOC and DCI will be dismissed from this action. As a result, Dr. Hoftiezer remains as the sole defendant.

### 2. Eighth Amendment Claim

Dr. Hoftiezer contends that he is entitled to summary judgment with respect to plaintiff's Eighth Amendment medical care claim. Specifically, he asserts that plaintiff was provided adequate medical care for an inguinal hernia. In support of his assertion, defendant relies solely upon his own affidavit, which states it is "based on [his] own personal knowledge, [his] medical experience, and [his] review of [plaintiff]'s medical records. (Affidavit of Scott A. Hoftiezer, M.D. ¶ 1). In considering a motion for summary judgment, I many consider any materials that would be admissible or usable at trial, including properly authenticated and admissible documents. Woods v. City of Chicago, 234 F.3d 979, 988 (7th Cir. 2000). Federal Rule of Civil Procedure 56(e) provides that an affidavit may be considered at summary judgment if it is made on personal knowledge, would be admissible at trial, and shows that the affiant is competent to testify to the matters therein. Rule 56(e) also "requires that sworn or certified copies of all papers referred to in an affidavit must be attacked to or served with that affidavit." Scott v. Edinburg, 346 F.3d 752, 760 n.7 (7th Cir.

7

2003)(citing 10A Charles Alan Wright, et al., <u>Federal Practice and Procedure</u> § 2272 at 379-380 & 382-84 (1984)).

In this case defendant relies entirely upon his own affidavit to prove his claim that plaintiff was provided adequate medical care.  In particular, pages five through fifteen of defendant's brief in support of motion for summary judgment, which references information in plaintiff's medical records, quotes verbatim from pages two to eleven of defendant's affidavit.  (<u>See</u> D.s' Brief in Support of Mot. for Summary Judgment at 4-15; Hoftiezer Aff. at 2-11).  However, defendant has failed to submit with his affidavit a copy of plaintiff's medical records.[6]  Further, plaintiff's medical records are not otherwise admissible because they have never been made a part of the record in this case.[7]  Thus, the evidence defendant

---

[6] This is particularly troubling because Dr. Hoftiezer's affidavit recounts conversations between plaintiff and other medical professionals where Dr. Hoftiezer was not present.  For example, the affidavit states:

> On July 20, 2004, [plaintiff] was seen by Marsha Brightman, NP, for complaints of "dizziness."  Ms. Brightman elicited a history of one episode of "blacking out" after standing quickly, then sitting and feeling better. [Plaintiff] reported complaints of lower inguinal pain and the failure of the pain to improve on Ibuprofen, Naproxen, and Tylenol, but did note that the Indocin did help him sleep.  A history of intermittent "blackouts" for five or six years and chronic occipital headaches were also elicited. [Plaintiff's] concerns about his hernia pain were disucssed and that the pain had been present for four years. The neurological exam was normal, some orthostatic blood pressure changes were noted on standing.  The heart and lungs were unremarkable.  The abdomen was noted to be without masses or bruits and with normal bowel sounds in all quadrants.  The assessment at this time: hypotensive episode due to inadequate fluid and food intake, pain due to hernia with surgery appointment scheduled, chronic tension and headaches, and depression due to health worries.

(Hoftiezer Aff. ¶ 23).

[7] It appears that plaintiff authorized release of his medical records to defendants on January 17, 2006.

8

has submitted in support of his Eighth Amendment argument fails to comply with Fed.R.Civ.P. 56(e), and it is therefore inadmissible at summary judgment. Accordingly, defendant's motion for summary judgment as to this claim will be denied.

### 3. Qualified Immunity

Dr. Hoftiezer contends that, even if plaintiff is successful on his claims, plaintiff should be precluded from recovering damages under the doctrine of qualified immunity.[8] Qualified immunity will shield defendants "from liability for civil damages if their actions did not violate 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" Hope v. Pelzer, 536 U.S. 730 (2002) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). "The threshold inquiry a court must undertake in a qualified immunity analysis is whether plaintiff's allegations, if true, establish a constitutional violation." Id. at 736 (citing Saucier v. Katz, 533 U.S. 194, 201 (2001)).

In the present case, plaintiff claims that he was diagnosed with an inguinal hernia and that his scheduled hernia surgery was never peformed. To establish an Eighth Amendment violation, plaintiff must establish that being denied hernia surgery exhibited a deliberate indifference to serious his medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976). "Although the 'serious medical need' formulation is far from self-defining, it is clear that the Supreme Court contemplated that medical conditions far less critical than 'life-threatening'

---

[8]I note that qualified immunity is best determined where there is a fully developed factual record. See, e.g., Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001)(because "an immunity defense usually depends on the facts of the case, dismissal at the pleading stage is inappropriate"); see also Jacobs v. City of Chicago, 215 F.3d 758 (7th Cir. 2000). In the present case, the record is far from fully developed. Defendants have presented no admissible evidence to refute plaintiff's claim that he was denied medical care and, contrary to plaintiff's assertions, his medical records are not on file.

9

would be encompassed by the term." <u>Gutierrez v. Peters</u>, 111 F.3d 1364, 1369 (7th Cir. 1997). A medical condition is serious "where the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" <u>Id</u>. at 1373. To satisfy the deliberate indifference standard, a prison official must know of and disregard an excessive risk to inmate health or safety. <u>Farmer v. Brennan</u>, 511 U.S. 825, 842 (1994). A defendant's knowledge of this risk may be inferred from the obviousness of the risk. <u>Id</u>.

As discussed herein, Dr. Hoftiezer has not provided any admissible evidence to refute plaintiff's contention that he was denied medical care, and if he fails to do so plaintiff may be successful on his Eighth Amendment claim. Thus, I find that plaintiff has satisfied the constitutional injury requirement.

When a constitutional violation is "made out on a favorable view of the parties' submissions, the next, sequential step is to ask whether the [constitutional] right was clearly established," an inquiry that "must be undertaken in light of the specific context of the case, not as a broad general proposition." <u>Saucier</u>, 533 U.S. at 201. "If the law did not put the officer on notice that his conduct was clearly unlawful, summary judgment based on qualified immunity is appropriate." <u>Id</u>. at 202. This is so because qualified immunity shields "all but the plainly incompetent or those who knowingly violate the law." <u>Malley v. Briggs</u>, 475 U.S. 335, 341 (1986). Under the doctrine of qualified immunity, liability is not predicated upon the existence of a prior case that is directly on point. <u>See</u> <u>McDonald v. Haskins</u>, 966 F.2d 292, 293 (7th Cir.1992). Rather, the question is whether a reasonable state actor would have known that his actions, viewed in the light of the law at the time, were unlawful. <u>Id</u>. at 294.

10

In 1976, the Supreme Court established that delay or denial of medical care, where an inmate has a serious medical need, will support an Eighth Amendment claim. Estelle, 492 U.S. at 104. And in Board v. Farnham, 394 F.3d 469, 481 (7th Cir. 2005), the Court of Appeals for the Seventh Circuit held "[t]he law is clear that deliberate indifference to a serious medical condition is a violation of a clearly established constitutional right." Therefore, I conclude that a reasonable actor in defendant's position would have known that denying plaintiff hernia surgery was unlawful. Thus, I decline to dismiss defendant Dr. Hoftiezer on qualified immunity grounds.

As a final matter, Dr. Hoftiezer has asked to stay all discovery pending resolution of his motion for summary judgment. As grounds for this request, defendant asserts that this motion for summary judgment will dismiss all claims in this action. As discussed herein, defendant's motion has not dismissed this action. Moreover, the deadline for conducting discovery has passed and defendants have not indicated that the parties are currently engaging in discovery. Thus, I will deny defendant's motion to stay discovery.

In sum, defendant's motion for summary judgment will be denied in part and granted in part as described herein. Defendants DOC and DCI will be dismissed because they are immune from suit under § 1983. However, plaintiff's Eighth Amendment claim against Dr. Hoftiezer survives.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS THEREFORE ORDERED** that plaintiff's motion to appoint counsel (Docket #39) is **DENIED**.

11

**IT IS FURTHER ORDERED** that plaintiff's motion for substitution (Docket #35) is **DENIED**.

**IT IS FURTHER ORDERED** that defendant George M. Daley, M.D. is **DISMISSED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for summary judgment (Docket # 31) is **TERMINATED**.

**IT IS FURTHER ORDERED** that defendants' motion for summary judgment (Docket #23) is **GRANTED IN PART** and **DENIED IN PART** as described herein.

**IT IS FURTHER ORDERED** that defendants Wisconsin Department of Corrections and Dodge Correctional Institution are **DISMISSED**.

**IT IS FURTHER ORDERED** that defendants' motion to stay (Docket #23) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 26 day of March, 2007.

/s
_____
LYNN ADELMAN
District Judge